IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Joseph ENGL, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Joseph ENGL, Respondent.

Supreme Court

*No. 2005AP838–D. Decided July 6, 2005.*

2005 WI 102

(Also reported in 698 N.W.2d 821.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Joseph Engl and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12[1] concerning Attorney Engl's professional misconduct in using a computer to facilitate a child sex crime. The parties stipulated that the appropriate discipline to impose for that professional misconduct is a public reprimand.

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶ 2. We approve the stipulation and adopt the stipulated findings of fact and conclusions of law. We also accept the parties' stipulation that a public reprimand is the appropriate discipline for Attorney Engl's misconduct.

¶ 3. Attorney Engl was admitted to practice law in Wisconsin in 2002 and lives in Milwaukee. He has not previously been disciplined. In April 2004, while working at his former law firm, Attorney Engl entered an internet chat room where he engaged in a conversation with a detective who was posing as a fourteen-year-old girl. Attorney Engl expressed interest in having sex with the girl and arranged to meet her that evening. When he arrived at the prearranged meeting site, Attorney Engl was arrested. He was charged with one count of using a computer to facilitate a child sex crime, in violation of Wis. Stat. § 948.075(1) (2003–04), a Class D felony. He entered a guilty plea to the charge and was convicted. The trial court withheld its sentence and placed Attorney Engl on four years probation with conditions that he undergo counseling and evaluation for sex offender treatment; that he have no unsupervised conduct with females under the age of 18 except for relatives; that he not visit chat rooms or sexual websites; that he not engage in instant messaging; that he submit a DNA sample; that he not possess firearms; and that he be assessed costs. Attorney Engl's former law firm terminated his employment when the criminal charge was filed.

■■

¶ 4. Attorney Engl and the OLR have stipulated that by using a computer to facilitate a child sex crime, Attorney Engl violated SCR 20:8.4(b).[2] The stipulation

---

[2] SCR 20:8.4(b) provides: Misconduct. "It is professional misconduct for a lawyer to: (b) commit a criminal act that

states that the parties agree that an appropriate level of discipline to impose in response to the misconduct is a public reprimand. In explaining why a public reprimand, rather than a more serious sanction, is appropriate the stipulation points to a number of mitigating factors: Attorney Engl had no prior disciplinary history; at the time the incident occurred he was experiencing extreme stress, was working excessively long hours, and his mother had recently died; he cooperated with criminal investigators and with the OLR and is remorseful; the arrest resulted in media coverage; he was convicted of a felony and placed on four years probation with various conditions; he was fired from his job; and he provided reports from three therapists who evaluated him and gave the opinion that he is unlikely to re-offend.

¶ 5. Attorney Engl represents that he understands the misconduct allegations and the ramifications if the court should impose the stipulated level of discipline. He indicates that he fully understands his right to contest the matter and his right to consult with counsel. He states he is represented by counsel in the matter and that he entered into the stipulation knowingly and voluntarily. Attorney Engl states that he admits the misconduct and assents to the level and type of discipline sought by the OLR director. The stipulation further indicates that neither the misconduct charged nor the level of discipline sought is the result of plea bargaining.

¶ 6. We adopt the findings of fact and conclusions of law to which the parties have stipulated concerning Attorney Engl's professional misconduct. After considering the seriousness of the misconduct and the various

reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

mitigating factors presented in this case, we conclude that it is appropriate to impose a public reprimand.

¶ 7. IT IS ORDERED that Attorney Joseph Engl is hereby publicly reprimanded.