# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP314-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Joseph M. Engl, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Joseph M. Engl, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST ENGL

| | |
|---|---|
| OPINION FILED: | April 30, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |
| | |
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |
| | |
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |
| | |
| ATTORNEYS: | |

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No.   2013AP314-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Joseph M. Engl, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

  **v.**

**Joseph M. Engl,**

       **Respondent.**

**FILED**

**APR 30, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1   PER CURIAM.   We review a stipulation filed pursuant to SCR 22.12[1] by the Office of Lawyer Regulation (OLR) and

_____

[1] SCR 22.12 states as follows:  Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed.  The supreme court may

Attorney Joseph M. Engl.   In the stipulation, Attorney Engl agrees that he committed two acts of professional misconduct, including engaging in crimes that reflect adversely on his honesty, trustworthiness or fitness as a lawyer in other respects.  He also agrees that the revocation of his license to practice law in Wisconsin is a proper level of discipline for his misconduct.   There is no request in this matter for a restitution award nor is there a request in the stipulation for the imposition of costs against Attorney Engl.

¶2   After fully reviewing the matter, we approve the stipulation and revoke Attorney Engl's license to practice law in this state.  The crimes and professional misconduct committed by Attorney Engl are disturbing and, given the prior discipline he received for similar conduct, support his removal from the practice of law.  Because this matter is being resolved without the appointment of a referee, we do not impose any costs on Attorney Engl.

---

consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶3   Attorney Engl was admitted to the practice of law in Wisconsin in May 2002.  He previously maintained a law practice in Manitowoc.  The most recent address he provided to the State Bar was in Sheboygan.

¶4   Attorney Engl has been the subject of public discipline on one prior occasion.  In 2005 this court accepted an SCR 22.12 stipulation that Attorney Engl reached with the OLR and publicly reprimanded him.  In re Disciplinary Proceedings Against Engl, 2005 WI 102, 283 Wis. 2d 140, 698 N.W.2d 821.  The misconduct at issue in that proceeding was Attorney Engl's conviction for one count of using a computer to facilitate a child sex crime.  Specifically, while working at a law firm, Attorney Engl used his computer to enter an Internet chat room and to communicate his interest in having sexual intercourse with an individual he believed to be a 14-year-old girl, but who was actually a police detective posing as a teenage girl.  When Attorney Engl subsequently went to the location where he had arranged to meet the girl, he was arrested by the police.

¶5   As in the prior disciplinary proceeding, in the current matter Attorney Engl has entered into a stipulation with the OLR pursuant to SCR 22.12.  In the stipulation, Attorney Engl agrees that the factual allegations in the OLR's complaint are accurate and that he committed the professional misconduct charged in that complaint.  He further agrees with the OLR's request that the appropriate discipline for his misconduct is the revocation of his license to practice law in Wisconsin.

¶6    The stipulation states that Attorney Engl fully understands the nature of the misconduct allegations against him, his right to contest those allegations, and the ramifications that would follow from this court's imposition of the stipulated level of discipline.  It also states that Attorney Engl understands his right to consult with counsel.  Finally, in the stipulation Attorney Engl verifies that he is entering the stipulation knowingly and voluntarily and that his entry into the stipulation represents his decision not to contest this matter.

¶7    The complaint to which Attorney Engl stipulated addresses two matters.  The first matter is similar to the conduct that resulted in the 2005 public reprimand.  According to the criminal complaint filed against him, Attorney Engl engaged in e-mail communication with a female, who explicitly informed him that she was 15 years old.  Their communications included discussions about meeting in person for the purpose of having sexual intercourse.  On November 19, 2011, Attorney Engl drove to the girl's workplace and picked her up.  Attorney Engl engaged in sexual contact with the girl and had her perform oral sex on him.

¶8    In March 2012 the State charged Attorney Engl with six felonies.  State v. Engl, Manitowoc County Case No. 2012CF108.  Ultimately, in October 2012, Attorney Engl pled no contest to two felonies:  child enticement-sexual contact and sexual assault of a child under 16 years of age.  The remaining four felony charges were dismissed upon the prosecutor's motion and

4

read in for sentencing purposes. The circuit court accepted Attorney Engl's pleas. The court sentenced him on the child enticement-sexual contact count to three years of initial confinement and three years of extended supervision. On the sexual assault of a child count, the circuit court imposed and stayed a sentence of an additional four years of initial confinement and five years of extended supervision and placed Attorney Engl on probation for a period of six years, which was to run consecutive to the six-year sentence imposed on the child enticement-sexual contact count.

¶9   On the basis of these facts, the parties stipulated that Attorney Engl's convictions of the two felonies constituted violations of SCR 20:8.4(b).[2]

¶10 The second matter relates to Attorney Engl's representation of K.W. and R.W., who retained Attorney Engl to represent them in a bankruptcy proceeding. K.W. and R.W. gave Attorney Engl advance fees that totaled $2,300, which he was obligated to hold in trust until earned. Because Attorney Engl did not maintain a client trust account at the time he received these advance fees, he gave them to an attorney with whom he shared office space, who placed the funds into that attorney's client trust account. Attorney Engl did not have any formal

---

[2] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

professional association with the attorney whose trust account contained K.W. and R.W.'s funds.

¶11 After K.W. and R.W. learned of the felony charges against Attorney Engl, they concluded that he would be unable to represent them in their bankruptcy and requested a full refund of the advance fees they had paid to him. K.W. and R.W. did ultimately receive a full refund of their money.

¶12 Attorney Engl's handling of K.W. and R.W.'s advance fees supports a second count of misconduct. By failing to maintain his own trust account and instead placing the clients' advance fees into a trust account that he neither owned nor controlled, thereby placing the funds at risk of being improperly used by a third party with whom he had no recognized professional association, Attorney Engl violated SCR 20:1.15(b)(1) and (4).[3]

---

[3] SCR 20:1.15(b)(1) and (4) states:

(1) Separate account. A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

. . .

(4) Unearned fees and cost advances. Except as provided in par. (4m), unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

¶13 Having considered this matter, we approve the stipulation and adopt the stipulated facts and legal conclusions of professional misconduct. Given the seriousness of the felony criminal convictions that underlie Count One of the OLR's complaint in this matter and the fact that Attorney Engl was previously disciplined for a similar criminal conviction, we agree that the revocation of his license to practice law in this state is an appropriate level of discipline. Because K.W. and R.W. ultimately received a full refund of their advance fees, we do not impose any restitution. Finally, because Attorney Engl entered into a comprehensive stipulation under SCR 22.12, thereby obviating the need for the appointment of a referee and a full disciplinary proceeding, we do not impose costs in this matter.

¶14 IT IS ORDERED that the license of Joseph M. Engl to practice law in Wisconsin is revoked, effective the date of this order.

¶15 IT IS FURTHER ORDERED that Joseph M. Engl shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.